UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID SANZO,
    Plaintiff,

v.

KAREN SANZO,
    Defendant.

No. 3:13-cv-782 (SRU)

## RULING ON MOTIONS TO REMAND

The *pro-se* plaintiff, David Sanzo ("the plaintiff"), a citizen of Nevada, brought this action in Connecticut Superior Court against the defendant, Karen Sanzo ("the defendant"), a citizen of Florida. The defendant, also appearing *pro se*, subsequently removed the action to federal court on the basis of diversity jurisdiction. *See* Notice of Removal (doc. # 1). Now before the court are the plaintiff's two motions to remand. For the reasons that follow, the plaintiff's motions (docs. # 9 and # 11) are DENIED.

"The federal removal statute allows a defendant to remove an action to the United States District Court in 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1441(a)). The party seeking removal bears the burden of establishing federal jurisdiction. *United Food & Commercial Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).

"In general, under 28 U.S.C. §§ 1332(a)(1) and 1441(a), a defendant may remove to federal court any civil action brought in state court where parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs." *Am. Standard, Inc. v. Oakfabco, Inc.*, 498 F. Supp. 2d 711, 717 (S.D.N.Y. 2007). The Second Circuit has held that it is a well-settled principle that "[i]t must appear to a legal certainty that the claim is really

for less than the jurisdictional amount to justify dismissal." *Chase Manhattan Bank, N.A. v. Am. Nat. Bank & Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288-89 (1938)).

In the first motion to remand (doc. # 9), the plaintiff does not dispute diversity of citizenship between the parties, but claims that the amount in controversy does not meet the jurisdictional threshold of $75,000.  However, in Count One of the complaint alone, the plaintiff alleged a claim for loss of expectancy of inheritance of an estate that, at the time of the mother's death, was a "multimillion dollar estate with 17 fully paid for properties."  *See* Complaint, Count One ¶ 6.  As the plaintiff is one of five heirs, even one fifth of this estate would amount to over $75,000.  In light of the above, and based on the allegations raised in the complaint, it is clear that the plaintiff has alleged that the amount in controversy exceeds $75,000.  Therefore the defendant has met her burden for removal with respect to both diversity of citizenship between the parties and an amount in controversy exceeding $75,000.

In the second motion to remand (doc. # 11), the plaintiff argues that the defendant's Notice of Removal was procedurally defective because it was not properly filed within thirty days of the defendant's receipt of the initial pleading and summons pursuant to 28 U.S.C. § 1446(b).  The defendant received a copy of the summons and complaint on April 22, 2013, but the docket sheet reveals that the Notice of Removal was not formally filed until May 30, 2013, more than thirty days later.  *See* Notice (doc # 8).  Upon closer inspection, however, it is evident that the Notice of Removal itself was received by the court less than thirty days after service, but the Clerk did not accept the petition for filing because it was not accompanied by the appropriate filing fee.  Although the defendant later corrected the error, paying the fee in full, the plaintiff argues that the failure to remit payment within the thirty-day period under section 1446 is

enough to render the removal petition untimely.

The removal statute provides that a notice of removal must be "filed" within 30 days, but the statute does not define the term "filed," nor does it make any mention of filing fees. *See* 28 U.S.C. § 1446. Other federal rules and statutes, however, supply greater guidance on the proper relationship between "filing" and "filing fees."

Under the Federal Rules of Civil Procedure, a "civil action is commenced by filing a complaint with the court," Fed. R. Civ. P. 3, and all other papers are "filed by delivering it: (A) to the clerk; or (B) to a judge who agrees to accept it for filing," Fed. R. Civ. P. 5(d)(2). Notably, Rule 5(d) also cautions that the "clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice." Fed. R. Civ. P. 5(d)(4). Filing fees, on the other hand, are governed by statute, 28 U.S.C. § 1914, which provides, in relevant part, that the clerk "shall require" a removing party "to pay a filing fee of [a specified amount]." § 1914(a). That statute, however, permits each district to decide for itself whether to require pre-payment of filing fees. *See* § 1914(c) ("Each district court by rule or standing order may require advance payment of fees.").

Our Local Rules do not squarely address whether the statutory fee must be pre-paid before a complaint or other paper will be accepted for filing. *See* D. Conn. Local R. 3 and 5.[1] And even if our Local Rules did contain such a requirement, "'the district court has the inherent power to decide when a departure from its Local Rules should be excused or overlooked.'" *Wysokowski v. Porvene Roll A Door Co.*, No. CIV.A. 94-cv-1390, 1995 WL 75360, at *2 (N.D.N.Y. Feb. 22, 1995) (quoting *Somlyo v. J.Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1047 (2d

---

[1] Indeed, the only reference to the statutory filing fee made under our Local Rules is in the context of habeas petitions, which is obviously inapplicable here. *See* D. Conn. Local R. 3(c) ("When the petitioner or movant has sufficient funds, his or her petition for Writ of Habeas

- 3 -

Cir. 1991)).

In light of the above, and given the facts and circumstances of this case, including the defendant's *pro-se* status, I conclude that it is in the interest of justice to excuse the defendant's initial failure to comply with the statutory filing fee—which, in my view, is merely a technical or ministerial requirement. The defendant promptly corrected the error once the Clerk informed her of the problem, and it would be unjust to remand the action to state court on such a technicality when the defendant has the right to a federal forum. Therefore, I decline to remand the action on this basis.

In sum, the plaintiff's motions for remand (docs. # 9 and # 11) are DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 16th day of August 2013.

   /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

---

Corpus or motion must be accompanied by the statutory fee.").